## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Deanna Richert,

   Plaintiff,

 v.

National Arbitration Forum, LLC; and
Dispute Management Services, LLC,
doing business as Forthright;

   Defendants.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 09-763 ADM/JJK

_____

Daniel E. Warner, Esq., Warner Law Office, Inver Grove Heights, MN, on behalf of Plaintiff.

Douglas R. Christensen, Esq., and Marilyn J. Clark, Esq., Dorsey & Whitney LLP, Minneapolis, MN, on behalf of Defendants.
_____

## I. INTRODUCTION

   This matter is before the undersigned United States District Judge for a ruling on Plaintiff Deanna Richert's ("Plaintiff") Objections [Docket No. 42] to Magistrate Judge Jeffrey J. Keyes's August 20, 2009 Order and Report and Recommendation ("Order and R&R") [Docket No. 41]. Judge Keyes recommended granting Defendants National Arbitration Forum, LLC ("NAF") and Dispute Management Services, LLC, d/b/a Forthright's ("Forthright") (collectively "Defendants") Motion to Compel Arbitration and Dismiss or Stay [Docket No. 14]. Also, Judge Keyes denied Plaintiff's Motion for Discovery on Arbitration Issues [Docket No. 21] and Plaintiff's Motion to Stay Decision on Motion to Compel Arbitration [Docket No. 23]. For the reasons stated below, Plaintiff's Objections are overruled and the Order and R&R is adopted.

## II. BACKGROUND

The facts and procedural history of this dispute are set forth thoroughly in Judge Keyes's Order and R&R and are incorporated by reference. Accordingly, only a brief version of the relevant facts and procedural history is presented here.

Plaintiff was employed by the National Arbitration Forum ("Forum") from January 2003 through June 2007. Order and R&R at 2. On her first day of employment, Plaintiff signed a "National Arbitration Forum Procedures Agreement" that included an arbitration clause. Id. at 3. On December 18, 2006, Plaintiff signed another "National Arbitration Forum Procedures Agreement" ("2006 Agreement") that included a modified arbitration provision at Paragraph 9. Id. at 2-3. Paragraph 9 provides:

> FORUM and Employee agree that any dispute between them or claim by either against the other or any agent or affiliate of the other, whether related to this agreement or otherwise, shall be resolved by neutral binding arbitration of the FORUM *Code of Procedure* then in effect when the claim is filed or the American Arbitration Association National Rules for the Resolution of Employment Disputes then in effect when the claim is filed, as selected by the party first making the claim. However, the Parties shall mutually select the arbitrator who shall administer and conduct the arbitration. This agreement shall be governed by the Federal Arbitration Act and judgment upon the award may be entered in any court of competent jurisdiction.

Id. at 3. In June 2007, the Forum restructured resulting in its corporate successors, NAF and Forthright. Id. at 3. The parties agree that Plaintiff was not an employee of the Forum after June 27, 2007. Id. at 4. The parties also agree that Plaintiff refused to sign a new arbitration agreement once she became employed by Defendants. Id. at 7 n.5. Defendants disagree on whether Forthright or NAF employed Plaintiff after June 2007, but it is undisputed that Plaintiff worked for one or both parties until July 2008, at which time her position was eliminated and her

employment was terminated. Id.

Plaintiff alleges that Defendants violated her rights under Title VII, the Age Discrimination in Employment Act ("ADEA"), and the Minnesota Human Rights Act ("MHRA"). Id. at 4-5. After the parties received a Notice of Right to Sue from the United States Equal Employment Opportunity Commission ("EEOC"), Defendants demanded that Plaintiff submit her claims to arbitration pursuant to Paragraph 9 of the 2006 Agreement.

### III. DISCUSSION

**A.  Dispositive Motions**

A district court must make an independent, de novo review of those portions of an R&R to which a party objects and "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. LR 72.2(b).

The Federal Arbitration Act ("FAA" or "the Act"), 9 U.S.C. §§ 1-16, governs arbitration agreements relating to transactions involving interstate commerce. The Act provides:

> A written provision . . . or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. The Act establishes a "federal policy favoring arbitration," requiring that courts "rigorously enforce agreements to arbitrate." Shearson/American Express, Inc. v. McMahon, 482 U.S. 220, 226 (1987) (quotations omitted). "Generally, there is a presumption of arbitrability in the sense that [a]n order to arbitrate the particular grievance should not be denied

3

unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." Telectronics Pacing Sys., Inc. v. Guidant Corp., 143 F.3d 428, 433 (8th Cir. 1998) (quotation omitted) (alteration in original). In considering a motion to compel arbitration, a district court is required to determine (1) whether a valid agreement to arbitrate exists between the parties and (2) whether the specific dispute is within the scope of that agreement. Pro Tech Indus., Inc. v. URS Corp., 377 F.3d 868, 871 (8th Cir. 2004).

**1. Validity**

Plaintiff objects to Judge Keyes's finding the existence of a valid agreement to arbitrate with the Defendants. Objections at 2-3. Plaintiff concedes that she entered into a valid arbitration agreement (the 2006 Agreement) but argues that the Defendants' absence as signatories to the agreement negates any valid arbitration agreement between the parties. Id. at 3. Plaintiff argues that the determination of whether there is a valid agreement between the parties is governed by principles of contract interpretation, not the federal policy favoring arbitration. Id. Under those principles, Plaintiff concludes, Defendants have no right to enforce the arbitration agreement between Plaintiff and the Forum. Id.

The arbitration provision is broad and unambiguous covering any dispute between the FORUM and Employee or claim by either against the other or *any agent or affiliate of the other*, whether related to this agreement or otherwise. Therefore, the plain language of the arbitration provision expresses an intent to bind third-party agents or affiliates of the Forum or the Employee. Defendants state that Forthright is the Forum's authorized administrator and Judge Keyes concluded that Forthright is arguably an agent of the Forum. Order and R&R at 13.

4

Defendants state that NAF is a wholly owned subsidiary of the Forum leading to Judge Keyes's conclusion that NAF is arguably an affiliate of the Forum. Id. Plaintiff has not proffered any evidence to rebut the argument that Forthright is an agent and NAF is an affiliate of the Forum. Therefore, Judge Keyes's conclusion that Defendants, an agent and affiliate of the Forum, are entitled to enforce the arbitration agreement was premised on general principles of contract interpretation rather than a policy favoring arbitration.

Plaintiff argues, "agent or affiliate," should be properly interpreted as limited to those entities in existence at the time the agreement was entered. Objections at 7. Plaintiff argues that the meaning of "any agent or affiliate" is ambiguous, and should be decided by the trier of fact. Id. In support of this argument, Plaintiff relies on a patent licensing case where the Court found a genuine issue of fact existed regarding whether the phrase "affiliated companies" referred to "current, future, or current *and* future affiliates." Board of Regents of University of Nebraska v. BASF Corp., 2007 WL 3342406, at *15 (D. Neb. Nov. 6, 2007). In construing the meaning of the phrase "affiliated companies," the Court emphasized that "[t]he long[-]standing federal rule of law with respect to the assignability of patent license agreements provides that these agreements are personal to the licensee and not assignable unless expressly made so in the agreement." Id. at *12 (second alteration in original) (citing Unarco Indus., Inc. v. Kelley Co., Inc., 465 F.2d 1303, 1306 (7th Cir. 1972)). Based on this rule, the Court construed the agreement narrowly and held that a fact issue existed as to whether the parties intended the phrase to mean those in existence at the time the agreement was executed or whether it included future parties. Id.

BASF is inapposite. The phrase at issue in BASF did not include the word "any" as is

the case here.  As Judge Keyes concluded, the word "any" preceding the phrase "agent or affiliate" indicates "that the parties did not intend . . . to create any temporal limitations for that clause's applicability."  Therefore, the clear language "any agent or affiliate" in the 2006 Agreement may properly be interpreted to include current or future parties, including Defendants.  The long-standing principle under federal law that a patent license is generally not assignable is  inapplicable in this employment law case.

Plaintiff next objects to Judge Keyes's rejection of her contention that her refusal to sign a new agreement with Defendants demonstrates her intent not to be bound to arbitrate with Defendants.  Objections at 5.  It is undisputed that Plaintiff signed the 2006 Agreement with the Forum and that the agreement contained the broad language, "any agent or affiliate."  As discussed above, Defendants, as an agent and affiliate of the Forum, are entitled to enforce the 2006 Agreement.  Plaintiff's refusal to sign a new agreement with Defendants does not change the analysis that Defendants are, according to the plain language of the 2006 Agreement, entitled to enforce the arbitration clause.  Because the 2006 Agreement remains valid, the Court does not reach the issue of whether Plaintiff's continued employment with Defendants after refusing to sign the new agreement constitutes an acceptance of the new agreement.

Plaintiff objects to Judge Keyes's finding that Defendants can enforce the 2006 Agreement based on the close-relationship test.  Objections at 4.  Under the close-relationship test, a nonsignatory can force a signatory into arbitration if "the relationship between the signatory and nonsignatory defendants is sufficiently close that only by permitting the nonsignatory to invoke arbitration may evisceration of the underlying arbitration agreement between the signatories be avoided."  CD Partners, LLC v. Grizzle, 424 F.3d 795, 798 (8th Cir.

2005) (quotation omitted). Again, this issue is not reached in light of the conclusion that the plain language of the 2006 Agreement binds Plaintiff to arbitrate with Defendants.

   **2. Scope**

Plaintiff argues that the dispute does not fall within the scope of the 2006 Agreement because the agreement fails to refer to statutory claims or the right to jury trial and that a waiver of these claims requires Defendants to prove such waiver was knowing and voluntary. Objections at 8. However, as Judge Keyes properly concluded, the arbitration provision clearly states that *any* dispute between them or claim by either against the other or any agent or affiliate of the other, whether related to this agreement or otherwise, shall be resolved by neutral binding arbitration. The plain language of the arbitration agreement reveals that all disputes, without exception, may be arbitrated. The Eighth Circuit has enforced arbitration agreements as to employment-related civil-rights claims and ADEA claims. McNamara v. Yellow Transportation, Inc., 570 F.3d 950, 957 (8th Cir. 2009); Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 35 (1991). The failure of the arbitration clause to specifically mention Plaintiff's statutory claims does not preclude those claims from the scope of the 2006 Agreement. See Hull v. NCR Corp., 826 F. Supp. 303, 305-06 (E.D. Mo. 1193) (holding that plaintiff's statutory discrimination claim fell within the scope of a broad arbitration clause despite not being specifically mentioned in the parties' arbitration agreement). Given the expansive language of the 2006 Agreement and the case law permitting the arbitration of statutory claims (even claims not expressly stated in an arbitration agreement), Judge Keyes correctly concluded that Plaintiff's statutory claims fell within the scope of the 2006 Agreement. Judge Keyes also correctly decided that Plaintiff's assent to arbitrate through such broad language - "any" claims - established her knowledge to

7

arbitrate the statutory claims.

**B.     Nondispositive Motions**

Judge Keyes's decision on Plaintiff's nondispositive Motion for Discovery on Arbitration Issues and Motion to Stay Decision on Motion to Compel Arbitration involves an extremely deferential standard of review.  See Reko v. Creative Promotions, Inc., 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999).  The district court must affirm a decision by a magistrate judge on a nondispositive issue unless the decision is "clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a).  A decision is "'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  Chakales v. Comm'r of Internal Revenue, 79 F.3d 726, 728 (8th Cir. 1996).  "A decision is 'contrary to the law' when it 'fails to apply or misapplies relevant statutes, case law or rules of procedure."  Knutson v. Blue Cross & Blue Shield of Minn., 254 F.R.D. 553, 556 (D. Minn. 2008) (quoting Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co., 592 F. Supp. 2d 1087, 1093 (N.D. Iowa 2008)).

**1.     Plaintiff's Objections**

Plaintiff objects to Judge Keyes's denial of her motions for a stay and for leave to conduct discovery on the issue of unconscionability.  Objections at 10.  Plaintiff seeks discovery to discern the existence of improper affiliations between the American Arbitration Association ("AAA") and Defendants.  Id.  Judge Keyes wrote "[t]here is nothing in the record to suggest that the AAA has any ties to, or affiliation with, the Forum."  Order and R&R at 19.  The AAA is obligated to act in an impartial manner.  Christensen Aff. ¶ 4, Ex. C (AAA Employment Arbitration Rules and Mediation Procedures) at 3.  Pursuant to this obligation, the AAA Rules

set forth a process designed to ensure neutrality. See id. The AAA provides a list of neutral arbitrators to both parties enabling a mutual selection of the arbitrator. Id. While Plaintiff objects that the selection of an arbitrator is primarily the responsibility of the claim administrator rather than the parties, both the express language of the 2006 Agreement and the AAA Rules acknowledge that the parties shall mutually select the arbitrator.

Plaintiff asserts that she cannot challenge an arbitrator's lack of impartiality if she is unaware of his/her misconduct. Pursuant to the AAA Rules, arbitrators are duty-bound to disclose to the AAA "any circumstance likely to give rise to justifiable doubt as to the arbitrator's impartiality or independence, including any bias or any financial or personal interest in the result of the arbitration or any past or present relationship with the parties or their representatives." Id. The Court agrees with Judge Keyes's conclusion that Plaintiff "cannot avoid the arbitration process here by simply alleging that the arbitrators might be biased." R&R at 23 (citing Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 30 (1991)). A party wishing to challenge an arbitrator's decision on the ground of his/her qualifications must do so after the arbitrator renders a decision. See Cox v. Piper, Jaffray & Hopwood, Inc., 848 F.2d 842 (8th Cir. 1988). Arbitration will be compelled and the Complaint dismissed.

## IV. ORDER

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objections [Docket No. 42] are **OVERRULED**;

2. The Order and R&R [Docket No. 41] is **ADOPTED;**

3. Plaintiff's Motion for Discovery on Arbitration Issues [Docket No. 21] is

**DENIED**;

4. Plaintiff's Motion to Stay Decision on Motion to Compel Arbitration [Docket No. 23] is **DENIED;**

5. Defendants' Motion to Compel Arbitration and Dismiss or Stay [Docket No. 14] is **GRANTED.**

6. This litigation is **STAYED** pending arbitration.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


   s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: October 13, 2009.